**UNITED STATES DISTRICT COURT**
**DISTRICT OF MARYLAND**

CHAMBERS OF
TIMOTHY J. SULLIVAN
CHIEF MAGISTRATE JUDGE

6500 Cherrywood Lane
Greenbelt, Maryland 20770
Telephone: (301) 344-3593

July 14, 2026

LETTER TO COUNSEL:

> RE:   *Jonathan P. v. Frank Bisignano, Commissioner of Social Security*
> Civil No. TJS-25-1161

Dear Counsel:

On April 8, 2025, Plaintiff Jonathan P. petitioned this Court to review the Social Security Administration's final decision to deny his claim for Supplemental Security Income ("SSI"). ECF No. 1. The case has been assigned to me for all proceedings with the parties' consent pursuant to 28 U.S.C. § 636(c) and Local Rule 301.[1] Having considered the submissions of the parties (ECF Nos. 13, 16 & 17), I find that no hearing is necessary. *See* Loc. R. 105.6. This Court must uphold the decision of the agency if it is supported by substantial evidence and if the agency employed the proper legal standards. 42 U.S.C. §§ 405(g), 1383(c)(3); *Mascio v. Colvin*, 780 F.3d 632, 634 (4th Cir. 2015). Following its review, this Court may affirm, modify, or reverse the Commissioner, with or without a remand. *See* 42 U.S.C. § 405(g); *Melkonyan v. Sullivan*, 501 U.S. 89 (1991). Under that standard, I will deny both motions and remand the case for further proceedings. This letter explains my rationale.

Jonathan P. filed his application for SSI on July 16, 2021. *See* ECF No. 13 at 1. He alleged a disability onset date of June 26, 2002.[2] *Id.* His application was denied initially and upon reconsideration. *Id.* A telephonic hearing was held before an ALJ on March 11, 2024. *Id.* After conducting the hearing, the ALJ issued a written decision in which she concluded that Jonathan P. was not disabled under the Social Security Act. Tr. 17-39. The Appeals Council denied Jonathan P.'s request for review, making the ALJ's May 1, 2024, decision the final, reviewable decision of the agency.

The ALJ evaluated Jonathan P.'s claim for benefits using the five-step sequential evaluation process set forth in 20 C.F.R. § 416.920. At step one, the ALJ found that Jonathan P. has not engaged in substantial gainful activity since July 16, 2021 (the application date). Tr. 20. At step two, the ALJ found that Jonathan P. suffers from the following severe impairments: "migraines, epilepsy, obesity, depression, anxiety, and autism spectrum disorder." Tr. 20. At step three, the ALJ found that Jonathan P.'s impairments, separately and in combination, failed to meet or equal in severity any listed impairment as set forth in 20 C.F.R. Pt. 404, Subpart P, App. 1

---

[1] This case was originally assigned to Judge Douglas R. Miller. On March 30, 2026, it was reassigned to me.

[2] Jonathan P. received disability benefits as a child, but the benefits terminated upon an age 18 redetermination dated November 21, 2018. Tr. 18.

("Listings"). Tr. 21-22. The ALJ determined that Jonathan P. retains the residual functional capacity ("RFC") to:

> perform a full range of work at all exertional levels but with the following limitations: he can stand, sit, or walk for six hours (each) out of an eight-hour workday. Can occasionally climb stairs or ramps; can never climb ladders, ropes or scaffolds, or balance, as that term is used vocationally. Work with a moderate level of noise and no work outdoors. Must avoid all exposure to dangerous moving machinery and unprotected heights. With work that can be learned in 30 days, or less, with simple routine tasks, and routine work-place changes. No production rate pace work, such as on an assembly line or with hourly productivity goals. Occasional interaction with coworkers, no tandem tasks. No interaction with the general public.

Tr. 23.

At step four, the ALJ determined that Jonathan P. is unable to perform past relevant work. Tr. 37. At step five, considering the testimony provided by a vocational expert ("VE"), as well as the claimant's age, education, work experience, and RFC, the ALJ determined that Jonathan P. could perform jobs that exist in significant numbers in the national economy, including hand packager, food preparation worker, routing clerk, and mail clerk. Tr. 38.

Jonathan P. raises two narrow arguments for why the ALJ's decision is not supported by substantial evidence: (1) the ALJ did not consider his 504 Plan from the College of Southern Maryland, which provided him with educational accommodations, and (2) the ALJ did not consider the previous continuing disability review cessation hearing decision dated November 21, 2018. ECF No. 13.

The record contains a Disability Determination Explanation dated March 4, 2022, which states that Jonathan P. had supplied the agency with "accommodations for College of Southern MD, 504 plan, extended time for tests and to complete assignments." Tr. 75. The record does not contain a copy of this or any other 504 Plan. Jonathan P. argues that the ALJ necessarily failed to consider the 504 Plan because it is not mentioned in the written decision and because it is not part of the record upon which the ALJ based her decision. ECF No. 13 at 6-8.

"Section 504 of the Rehabilitation Act provides that '[n]o otherwise qualified individual with a disability in the United States . . . shall, solely by reason of her or his disability, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance . . . .'" *Johnson v. Charlotte-Mecklenburg Schs. Bd. of Educ.*, 20 F.4th 835, 841 (4th Cir. 2021) (quoting 29 U.S.C. § 794(a)). Under this section, schools must provide a free, appropriate public education to each student with a disability. *See* 34 C.F.R. § 104.33(a). A public school may comply with Section 504 by implementing a "Section 504 plan" that states how the school will provide reasonable accommodations to a student with disabilities.

2

Jonathan P. was born on June 26, 2000, so he was 21 years of age when he filed his application for SSI and 23 years of age when the ALJ issued her written decision finding that he was not disabled. Social Security Ruling 11-2p, 2011 WL 4055665 (S.S.A. Sept. 12, 2011), provides guidance on how Social Security Disability claims are evaluated for young adults (ages 18 to approximately 25). Under this guidance, ALJs consider evidence from medical and non-medical sources (as they do for adults over the age of 25), but they also consider evidence from school programs. Where there is evidence that a young adult has received an accommodation in a school setting (to help them complete the same activities as other students), this evidence may indicate that a similar accommodation may be required in the work setting. SSR 11-2p specifically mentions 504 plans: "Some young adults with impairments need accommodations in their educational program in order to participate in the general curriculum or in a transitional program. The fact that a young adult receives or has received accommodations as a part of his or her IEP or Section 504 plan, may be an indication that he or she has a work-related limitation." SSR 11-2p (footnotes omitted); *see also* 20 C.F.R. § 416.924a(b)(7)(iv) ("We will consider the fact that you attend school, that you may be placed in a special education setting, or that you receive accommodations because of your impairments along with the other information in your case record.").

There is limited evidence in the record as to the content of Jonathan P.'s 504 Plan at the College of Southern Maryland. The March 2022 Disability Determination Explanation refers to the 504 Plan and states that it allowed Jonathan P. to have extended time to take tests and complete assignments. Tr. 75-77. The 504 Plan is also mentioned in a Disability Determination Explanation dated March 10, 2023, and is characterized the same way as in the March 2022 Disability Determination Explanation.  Tr. 86-87. Even assuming that the ALJ considered these cursory references to the 504 Plan, doing so was not equivalent to considering the Plan itself. The record contains no evidence about the duration of the 504 Plan, how it was administered, or what specifically it required. Notably, the ALJ did not mention the 504 Plan in the written decision, nor did she refer to any accommodations Jonathan P. had received in school programs.

The ALJ's written decision in this case is thorough and well-reasoned. But the Court is unable to conclude that the decision is supported by substantial evidence because Jonathan P.'s 504 Plan is missing from the record. The Commissioner assures the Court that the ALJ considered the 504 Plan inasmuch as the ALJ considered the opinions of the state agency consultants who reviewed the Plan. But the Court is unconvinced. This is an unusual situation: evidence that is clearly relevant to the ALJ's RFC determination, which was apparently provided to the agency by the claimant, was not reviewed or considered by the ALJ. The Court makes this finding based on the absence of the 504 Plan from the record, and in consideration of the ALJ's otherwise extensive evaluation of the record evidence. Of course, an ALJ is not required to mention every piece of evidence in the record, and the Court is entitled to take an ALJ at their word that the whole record was considered absent evidence to the contrary. *Reid v. Comm'r of Soc. Sec.*, 769 F.3d 861, 865 (4th Cir. 2014). But where, as here, relevant evidence that was provided to the agency is missing from the record, the Court cannot assume that the ALJ took the evidence into account.

Given the importance that the regulations and SSR 11-2p place on the consideration of accommodations that young adult disability applicants received in school programs, the Court finds that remand is necessary so that the ALJ may consider the 504 Plan and consider whether

3

any additional limitations must be included in the RFC. Because the Court finds that remand is warranted on this issue, the Court declines to address the claimant's other argument. The Court expresses no opinion on the ultimate issue of Jonathan P.'s disability.

For the reasons set forth herein, both parties' briefs, construed as motions for summary judgment (ECF Nos. 13 & 16), are **DENIED**. Pursuant to sentence four of 42 U.S.C. § 405(g), the Commissioner's decision is **REVERSED**. The case is **REMANDED** for further proceedings in accordance with this opinion.

The Clerk is directed to **CLOSE** this case.

Sincerely yours,

_____/s/_____

Timothy J. Sullivan
Chief United States Magistrate Judge